# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | Chapter 11 |
| OCIMUM BIOSOLUTIONS, INC.[1] : | Case No. 11-13310 (BLS) |
| Debtors. : | |
| : | **Hearing Date: To be determined** |
| : | **Objection Deadline: To be determined** |

## MOTION OF THE DEBTOR PURSUANT TO SECTION 521 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 1007 AND LOCAL RULE 1007-1 FOR ORDER AUTHORIZING THE DEBTOR TO EXTEND TIME TO FILE SCHEDULES AND STATEMENTS

Ocimum Biosolutions, Inc., a Delaware corporation, as debtor and debtor in possession in the above captioned case, (the "Debtor"), hereby moves the Court for entry of an order extending the deadline by which the Debtor must file its Schedules and Statements (as defined below) by 45 days through and including December 15, 2011 (the "Proposed Deadline")[2]. In further support of the Motion, the Debtor respectfully states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is § 521 of title 11 of the United States Code (the "Bankruptcy Code"). Such relief is also warranted pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 1007-1 of the

---

[1] The last four digits of the Debtor's federal tax identification number are 7707.

[2] The Debtor's current deadline to file its Schedules and Statements is November 1, 2011. Pursuant to Local Rule 9006-2, because this Motion was filed prior to this deadline, it is extended automatically until the Court acts on the Motion.

{D0000066}

1

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Background

3. On October 17, 2011 (the "Petition Date"), the Debtor filed a voluntary case under Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The Debtor is operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed in this chapter 11 case.

4. As a consequence of the decline in activity in the biotech industry and the decline in economic growth across most sectors of the U.S. economy, the Debtor has experienced a reduction in business across all market segments. A significant decline in customer orders for genomic work on samples provided by the customers had a significant negative impact on the Debtor's profitability. In addition, the Debtor has recently suffered the loss of a significant amount of income historically derived from licenses sold to its customers for access to the Debtor's Gene Logic database. All of this has led to a tightening of the Debtor's availability under the Debtor's Prepetition Secured Credit Facility. Combined, these and other events led to the Debtor experiencing operating losses that could not be sustained over an extended period of time without creating liquidity constraints that ultimately would prevent the Debtor from continuing to operate.

5. In response to the significant pressures placed on the Debtor by the economy and market forces, the Debtor retained an investment banker to obtain funding, financing or a buyer for the acquisition of the Debtor. No funding, financing or buyer was obtained and the debtor was facing immediate eviction by its landlord.

6. The Debtor filed this bankruptcy case to preserve the going concern value of its business and conduct at § 363 sale through this Chapter 11 proceeding. In the last several days, the Debtor has been working with its pre-petition lender to finance this proceeding.

## **Relief Requested**

7. By this motion (the "Motion"), pursuant to section 521 of the Bankruptcy Code, Bankruptcy Rule 1007 and Local Rule 1007-1, the Debtor seeks entry of an order, substantially in the form attached hereto as Exhibit A, extending the time for filing the Schedules and Statements (as defined below) for an additional 45 days (for a total of 59 days from the Petition Date).

## **Basis For Relief**

8. Section 521 of the Bankruptcy Code and Bankruptcy Rules 1007(b) and (c) require a chapter 11 debtor to file with its voluntary petition — or within 14 days thereafter — (a) a schedule of assets and liabilities, (b) a statement of financial affairs, (c) a schedule of current income and expenditures, (d) a schedule of executory contracts and unexpired leases and (e) a list of equity and security holders (collectively, the "Schedules and Statements"). Local Rule 1007-1(b) automatically extends this 14-day deadline for an additional 16 days if a debtor has more than 200 creditors and if the petition is accompanied by a list of all creditors and their addresses. Bankruptcy Rule 1007(c) provides a bankruptcy court with the power to further extend a debtor's time to file its schedules and statements "for cause."

9. Although the Debtor filed its Creditor List on the Petition Date, it does not have more than 200 creditors. Accordingly, Bankruptcy Rule 1007(c) and Local Rule 1007-1 require the Debtor to file the Schedules and Statements within 14 days after the Petition Date. However, due to the complexity of its operations and this case, the Debtor anticipates that it will be unable to complete the Schedules and Statements within the 14-day deadline.

{D0000066}

10. To prepare the Schedules and Statements, the Debtor must compile a large amount of information from books, records and documents relating to its assets, creditors and a multitude of transactions. Collection of the necessary information will require the expenditure of substantial time and effort on the part of the Debtor's employees far in excess of the 14-day period. Moreover, the Debtor's operations are complex and preparing the Schedules and Statements accurately and in detail will require significant attention from the Debtor's personnel, which would distract attention from the Debtor's business at a critical time when the business can ill afford any disruption.

11. In light of the significant burdens already imposed on the Debtor's management by the commencement of this chapter 11 case, the Debtor requests additional time to complete and file the Schedules and Statements. The Debtor has directed its employees to work diligently on the assembly of the necessary information and intends to complete the Schedules and Statements as quickly as possible under the circumstances recognizing the importance of the Schedules and Statements in this chapter 11 case.

12. The Debtor anticipates that it will be able to file the Schedules and Statements in the appropriate formats prescribed by the Bankruptcy Code, the Bankruptcy Rules and the Local Rules within 59 days after the Petition Date. Accordingly, the Debtor requests an extension of time to file the Schedules and Statements through and including December 15, 2011 without prejudice to their right to seek further extensions for cause. Bankruptcy Rule 1007(c) provides for the extension, for cause, of the time for the filing of the Schedules and Statements. In light of the complexity of this chapter 11 case and the volume of material that must be compiled and reviewed by the Debtor's staff and professionals in order to complete the

Schedules and Statements for the Debtor during the hectic early days of this case, there is ample "cause" justifying the requested extension.

13. Also, the additional time requested herein would help ensure that the Schedules and Statements are as accurate as possible. Rushing to complete the Schedules and Statements shortly after the Petition Date would likely compromise the completeness and accuracy of the documents. Moreover, the proposed extension of the time to file the Schedules and Statements will not harm creditors and other parties in interest because, even under the extended deadline, the Debtor will file the Schedules and Statements in advance of any deadline for filing proofs of claim in this chapter 11 case. Accordingly, the Debtor submits that its request for a 45-day extension of time to file the Schedules and Statements is appropriate and warranted under the circumstances.

14. Courts routinely have granted similar orders in other cases in this district. *See, e.g., In re Gems TV (USA) Limited*, Case No. 10-11158 (PJW) (Bankr. D. Del. Apr. 29, 2010) (granting the debtor a 15-day extension to file their schedules and statements for a total of 45 days from the petition date); *In re Heartland Publications, LLC*, Case No. 09-14459 (KG) (Bankr. D. Del. Jan. 12, 2010) (30-day extension for a total of 60 days); *In re Aventine Renewable Energy Holdings, Inc.*, Case No. 09-11214 (KG) (Bankr. D. Del. May 1, 2009); *In re Fluid Routing Solutions Intermediate Holding Corp.*, Case No. 09-10384 (CSS) (Bankr. D. Del. Mar. 23, 2009) (14-day extension for a total of 44 days); *In re Pliant Corporation*, Case No. 09-10443 (MFW) (Bankr. D. Del. Mar. 10, 2009) (15-day extension for a total of 45 days); *In re Merisant Worldwide, Inc.*, Case No. 09-10059 (PJW) (Bankr. D. Del. Feb. 12, 2009) (30-day extension for a total of 60 days).

## Notice

15. No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case. Notice of this Motion has been provided to: (i) the U.S. Trustee, (ii) counsel to the Prepetition Lenders, (iii) the Debtor's 20 largest unsecured creditors, (iv) counsel to Ocimum Biosolutions (India), Ltd., (v) The Office of the United States Attorney for the District of Delaware, (vi) the Securities and Exchange Commission, (vii) the Internal Revenue Service and (viii) all other parties requesting notice in these proceedings pursuant to Bankruptcy Rule 2002.

## No Previous Request

16. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: October 31, 2011
      Wilmington, Delaware

/s/ Jeffrey M. Carbino
Jeffrey M. Carbino (No. 4062)
THORP REED & ARMSTRONG, LLP
824 N. Market Street, Suite 710
Wilmington, Delaware 19801
Telephone: (302) 250-4750
Facsimile: (302) 421-9439

PROPOSED ATTORNEYS FOR THE DEBTOR
AND DEBTOR IN POSSESSION