## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| OCIMUM BIOSOLUTIONS, INC.[1] | ) Case No. 11-13310 (BLS) |
| | ) |
| Debtor. | ) |
| | ) **Hearing Date: November 10, 2011 @ 11:30 a.m. ET** |
| | ) **Objection Deadline: At the hearing** |
| | ) |

## DEBTOR'S MOTION FOR AN ORDER AUTHORIZING THE DEBTOR TO PAY PREPETITION WAGES AUTHORIZING BANKS AND OTHER FINANCIAL INSTITUTIONS TO HONOR ALL PAYCHECKS

Ocimum Biosolutions, Inc., a Delaware Corporation, as debtor and debtor in possession in the above captioned case (the "Debtor"), hereby moves the Court for entry of an order: (A) authorizing, but not requiring, the Debtor to pay prepetition wages and (B) authorizing banks other financial institutions to receive, process, honor, and pay all checks and electronic payment requests relating to the prepetition wages (the "Motion"). A proposed order is attached hereto as Exhibit A. In support of this Motion the Debtor relies on the Declaration of Anuradha Acharya In Support of First Day Pleadings (the "Acharya Declaration")[2] filed contemporaneously herewith. In further support of this Motion, the Debtor respectfully states as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of the Debtor's federal tax identification number are 7707.

[2] Capitalization terms not otherwise defined herein shall have the meanings ascribed to them in the Declaration of Anuradha Acharya In Support of First Day Pleadings.

{01295785}

2.  The statutory bases for the relief requested herein are sections 105(a) and 363(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code"). Such relief is also warranted pursuant to rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

3.  On October 17, 2011 (the "Petition Date") the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtor is operating its business and managing its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed in this Chapter 11 case.

4.  The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are more fully set forth in Acharya Declaration and incorporated herein by reference.

## Employee Compensation

5.  The Debtor employs 21 full-time and 2 part-time employees. All of the Debtor's employees are salaried. All of the Debtor's employees were offered the same benefits package as set forth in the handbook detailing the Employee Policy and Benefit Programs (as that term is defined below). Two of the Debtor's employees were entitled to receive commission payments in addition to their salary. As of the Petition Date, neither of the two qualified employees had earned a commission payment. The Debtor is not a party to any collective bargaining agreements.

## Wages, Salaries and Bonuses

6.     Historically, the Debtor paid its employees in arrears by checks issued on or about the 15th and 30th of every month for a total of 24 paychecks per year. The Debtor's first post-petition payroll in the aggregate approximate amount of $71,000, was scheduled for distribution on Friday, October 28, 2011 (the "October 28 Payroll"), covering the payroll period October 16, 2011 through October 30, 2011. The October 28 Payroll includes the payment of salary for one day prior to the Petition Date.

7.     Prior to the Petition Date, the Debtor had payroll obligations due on September 30, 2011, for the period from September 16, 2011 through September 30, 2011, and October 15, 2011, for the period from October 1, 2011 through October 15, 2011 (together, the "Prepetition Payroll"). The Debtor did not have access to sufficient funds to satisfy its Prepetition Payroll obligations. Accordingly, as of the Petition Date, the Debtor had not paid its employees for salary already earned in the aggregate approximate amount of $87,214.05, net of ordinary deductions for federal and state taxes. Only one employee is owed more than $11,725 in total for the payment of salary for one prepetition day payable with the October 28 Payroll and the Prepetition Payroll combined. Through this Motion, the Debtor is not seeking authorization to pay that employee more than $11,725. The unpaid balance due to that employee will receive treatment as a general unsecured claim.

8.     By this Motion, the Debtor seeks entry of an order authorizing the Debtor to pay the October 28, 2011 Payroll which includes the payment of salary for one prepetition day upon approval of the Debtor's proposed Cash Collateral Order. The Debtor also requests the Court to authorize, but not to direct, the Debtor to make Prepetition Payroll payments as additional funding becomes available to the Debtor. Pursuant to the budget related to the Debtor's proposed Cash Collateral Order which is attached hereto as Exhibit B, the Debtor

proposes to make the Prepetition Payroll payments in three installments on or before November 26, 201, December 3, 2011 and December 17, 2011.

Employee Benefit Plans and Programs

9.      Historically, the Debtor provided employees with a number of employee benefits in the ordinary course of business, including, but not limited to cash payments for unused vacation and paid time off benefits, medical and other types of insurance as well as other benefits (the "Employee Policy and Benefit Programs"). Given the Debtor's financial condition prior to the Petition Date, it was forced to terminate all benefits. Additionally, although the Debtor's employees are still entitled to take vacation and paid time off days, the Debtor will no longer pay employees unused days. In the ordinary course of business the Debtor sometimes modifies, changes and discontinues employee programs and implements new employee programs and may continue to do so during this chapter 11 case, subject to applicable bankruptcy and non-bankruptcy law and rules.

## Relief Requested

10.      The Debtor requests that the Court grant certain relief intended to minimize the disruption to the Debtor's business operations and workforce resulting from the commencement of this case and thereby enhance the likelihood that the Debtor's employees will continue their employment during this uncertain period of financial restructuring. Specifically, the Debtor requests that the Court authorize, but not require, the Debtor to:

- pay the Debtor's October 28 Payroll upon approval of the Debtor's proposed Cash Collateral Order; and

- pay the Debtor's Prepetition Payroll as funding becomes available to the Debtor.

{01295785}

11. The Debtor represents that (i) it will not pay any amounts over $ 11,725 to any individual employee on account of prepetition wages or salaries, and (ii) it will not pay more than $87,214.05 the total outstanding amount for the Prepetition Payroll.

12. To enable the Debtor to accomplish the foregoing, the Debtor requests that the Court authorize and require the Debtor's banks and other financial institutions to receive, process, honor, and pay all checks and electronic payment requests relating to the foregoing.

## Basis for Relief

### A. Ample Cause and Authority Exists for the Debtor to Pay Employee Wages

13. In order to maintain the loyal and stable workforce necessary for the preservation of estate assets until a sale can be effectuated, and to compensate the Debtor's employees fairly for the work that has been completed, the Debtor seeks authority to bring its salary obligations up to date. Given the Debtor's prepetition financial difficulties and delay in making the Prepetition Payroll and the October 28 Payroll, further disruption and delay may cause employees to leave their positions which will have a serious significant detriment effect on the Debtor and this chapter 11 case.

14. The limited relief requested in the Motion is essential to allow the Debtor to maximize value, and well within the scope of the authority contemplated by section 105(a) of the Bankruptcy Code, which provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Courts frequently apply section 105(a) to authorize substantially similar relief in chapter 11 cases. See In re Chateaugay Corp., 80 B.R. 279, 287 (S.D.N.Y. 1987) (affirming a bankruptcy court order authorizing the debtor to pay pre-bankruptcy wages, and other amounts); see also In re Gulf Air, Inc., 112 B.R. 152, 154 (Bankr. W.D. La 1989) (authorizing the debtor to pay current employees' pre-bankruptcy wages, salaries, medical benefits and business expense

claims); In re Ionosphere Clubs, Inc., 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989) (same). Additionally, because the prepetition wages the Debtor is seeking to pay would be entitled to priority treatment under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code such claims ultimately would be paid before the claims of general unsecured creditors. Accordingly, general unsecured creditors are not prejudiced by the requested relief.

15.    By this Motion, the Debtor does not intend or seek to: (a) assume any executory contracts or obligations, and the Motion should not be deemed an assumption or adoption of any employee agreements or policies; or (b) confer upon any employees or other parties an entitlement to administrative expense or other priority in distribution from the bankruptcy estates. Rather, the Debtor merely seeks to take steps that it believes are necessary to keep its existing workforce intact to maximize the value of the bankruptcy estates, pending further decisions relevant to the contemplated reorganization. Additionally, all of the employees to which the relief in this Motion applies will be employed by the Debtor, and the Debtor will not pay any of the amounts contemplated herein to any employees whose employment ceased prior to making such payments. Moreover, no employee will receive any payments on account of any outstanding prepetition amounts outside the limits set forth in 11 U.S.C. § 507.

16.    Similar relief has been granted in other cases before this Court. See In re Nebraska Book Company. Inc., Case No. 11-12005 (PJW) (Bankr. D. Del. June 28, 2011); In re Appleseed's Intermediate Holdings LLC, Case No. 11-10160 (KG) (Bankr. D. Del. Feb. 18, 2011); In re Constar Int'l Inc., Case No. 11-10109 (CSS) (Bankr. D. Del. Jan. 13, 2011); In re Local Insight Media Holdings. Inc., Case No. 10-13677 (KG) (Bankr. D. Del. Dec, 10, 2010); In re U.S. Concrete. Inc., Case No. 10-11407 (PJW) (Bankr. D. Del. Apr. 30, 2010); In re Stallion Oilfield Servs. Ltd., Case No. 09-13562 (BLS) (Bankr. D. Del. Nov. 16, 2009); In re J.L. French

Automotive Castings, Inc., Case No. 09-12445 (Bankr. D. Del. July 13, 2009); In re Pliant Corp., Case No. 06-10001 (MFW) (Bankr. D. Del. Jan. 4, 2006); In re Nobex Corp., Case No. 05-20050 (CSS) (Bankr. D. Del. Dec. 6, 2005); In re FLYi Inc., Case No. 05-20011 (MFW) (Bankr. D. Del. November 7, 2005).

**B.      The Court Should Also Authorize the Debtor's Financial Institutions to
Honor Checks and Electronic Fund Transfers Relating to Employee Wages,
Reimbursable Expenses and Employee Benefit Programs**

17.      By this Motion, the Debtor requests that all applicable banks and other financial institutions be authorized to receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtor related to the employee wages, whether such checks were presented or fund transfer requests were submitted prior to or after the Petition Date.

**C.      Satisfaction of Bankruptcy Rule 6003 and Waiver of Bankruptcy Rule 6004**

18.      The relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor for the reasons set forth herein. Accordingly, Bankruptcy Rule 6003 has been satisfied.

19.      To implement the foregoing successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h), to the extent these rules are applicable.

<u>Notice</u>

20.      No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case. Notice of this Motion has been provided to: (i) the U.S. Trustee, (ii) counsel to the Prepetition Lenders, (iii) the Debtor's 20 largest unsecured creditors, (iv) counsel to Ocimum Biosolutions (India), Ltd., (v) the Office of the United States Attorney for the District

of Delaware, (vi) the Securities and Exchange Commission, (vii) the Internal Revenue Service; (viii) all other parties requesting notice in these proceedings pursuant to Bankruptcy Rule 2002 and (ix) the Debtor's employees.

## No Prior Request

21.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE the Debtor respectfully requests that the Court enter an order:   (i) authorizing the Debtor to make the October 28 Payroll; (ii) authorizing, but not requiring, the Debtor to pay the Prepetition Payroll; (iii) authorizing banks and other financial institutions to receive, process, honor, and pay all checks presented for payment and electronic payment requests relating to the foregoing, and (iv) grant such other and further relief as the Court deems appropriate.

Dated: Wilmington, Delaware
       November 8, 2011

                                        /s/ Jeffrey M. Carbino
                                        Jeffrey M. Carbino (No. 4062)
                                        THORP REED & ARMSTRONG, LLP
                                        824 N. Market Street, Suite 710
                                        Wilmington, Delaware 19801
                                        Telephone: (302) 250-4750
                                        Facsimile: (302) 421-9439

                                        PROPOSED ATTORNEYS FOR THE DEBTOR
                                        AND DEBTOR IN POSSESSION