IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OCIMUM BIOSOLUTIONS, INC.[1]<br><br>Debtor. | ) Chapter 11<br>)<br>) Case No. 11-13310 (BLS)<br>)<br>)<br>) Hearing Date: November 10, 2011 @ 11:30 a.m. ET<br>) Objection Deadline: At the hearing<br>) |

**DEBTOR'S MOTION FOR AN INTERIM AND FINAL ORDER PURSUANT TO SECTIONS 105(a) AND 366 OF THE BANKRUPTCY CODE (I) APPROVING THE DEBTOR'S PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT, (II) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE BY UTILITY COMPANIES, AND (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING UTILITY SERVICES**

Ocimum Biosolutions, Inc., a Delaware corporation, as debtor and debtor in possession in the above captioned case (the "Debtor"), hereby moves for entry of an interim and final order, pursuant to section 366 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), (i) approving Debtor's proposed form of adequate assurance of postpetition payment for the Utility Companies (defined below), (ii) establishing procedures for resolving any requests for additional adequate assurance of payment by Utility Companies, and (iii) prohibiting Utility Companies from altering, refusing or discontinuing utility services. In support of this Motion, the Debtor relies on the Declaration of Anuradha Acharya In Support of First Day Pleadings (the "Acharya Declaration")[2] filed contemporaneously herewith. In further support of the Motion, the Debtor respectfully states as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 7707.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Declaration of Anuradha Acharya In Support of First Day Pleadings.

## Jurisdiction

1.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The statutory basis for the relief requested herein are sections 105(a) and 366 of the Bankruptcy Code.

## Background

3.  On October 17, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.  The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are more fully set forth in Acharya Declaration and incorporated herein by reference.

5.  The Debtor continues to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed in the Debtor's case.

## Relief Requested

6.  By this Motion, the Debtor seeks entry of interim and final orders, substantially in the forms attached hereto as Exhibit B and Exhibit C, respectively, (i) providing that utilities entitled to such assurance of payment under section 366 of the Bankruptcy Code (the "Utility Companies")[3] have "adequate assurance of payment" within the meaning of section 366(c)(1) of

---

[3] The Utility Companies known and identified by the Debtor to date are listed on Exhibit A hereto. While the Debtor has used its best efforts to list all of its Utility Companies in Exhibit A, it is possible that certain Utility Companies may have been inadvertently omitted from this list. Accordingly, the Debtor reserves the right, under the terms and conditions of this Motion and without further order of the Court, to amend Exhibit A to add any Utility Companies that were omitted therefrom and to request that the relief requested herein apply to all such entities as well. In addition, the Debtor reserves the right to argue that any of the entities now or hereafter listed in Exhibit A are not "utilities" within the meaning of section 366 of the Bankruptcy Code.

the Bankruptcy Code, based on the Debtor's establishment of a segregated account containing an amount equal to the Debtor's average cost of Utility Services (defined below) for a two-week period, (ii) approving the Additional Adequate Assurance Procedures (defined below) as the method for resolving disputes regarding adequate assurance of payment, and (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing Utility Services on account of prepetition invoices.

7. In connection with the operation of its business, the Debtor uses water, natural gas, oil, electricity, telephone, and similar utility products and services (collectively, the "Utility Services"). The average monthly cost of the Utility Services is $44,594.00. The Utility Services are crucial to the continued operations of the Debtor and any interruption of Utility Services would substantially diminish or impair the Debtor's efforts to preserve and maximize the value of its estate. It is therefore critical that the Utility Services continue uninterrupted.

8. By this Motion, the Debtor requests approval of certain procedures that balance the protections afforded the Utility Companies under section 366 of the Bankruptcy Code with the Debtor's need for continuous and uninterrupted Utility Services.

### A. The Proposed Adequate Assurance

9. Pursuant to section 366(c)(2) of the Bankruptcy Code, a utility may alter, refuse or discontinue a chapter 11 debtor's utility service if the utility does not receive from the debtor or the trustee "adequate assurance of payment" within thirty (30) days of the commencement of the debtor chapter 11 case. Section 366(c)(1)(A) of the Bankruptcy Code defines the phrase "assurance of payment" to mean, among other things, a cash deposit.

10. The Debtor fully intends to continue to pay all postpetition obligations owed to the Utility Companies in a timely manner. Moreover, the Debtor expects there will be sufficient funds available to permit them to do so.

11. To provide adequate assurance of payment for future Utility Services to the Utility Companies, the Debtor proposes to deposit $22,777.00, which is the Debtor's average cost of Utility Services for a two-week period, into an interest-bearing, newly created segregated account (the "Utility Deposit"), in accordance with the Additional Adequate Assurance Procedures described below. In addition, the Debtor, in the first week of each month, has budgeted and will pay each Utility Company an amount equal to the average of one month's usage.

## B. The Additional Adequate Assurance Request Procedures

12. The Debtor submits that the Utility Deposit constitutes sufficient adequate assurance of payment to the Utility Companies. However, to the extent that one or more Utility Companies believes they are entitled to additional adequate assurance, it is important to the efficient administration of these estates to establish procedures for handling such requests for additional adequate assurance of payment. Accordingly, the Debtor requests approval of the following procedures to govern requests for additional adequate assurance (the "Additional Adequate Assurance Procedures"):

    (a)    In the event that a Utility Company maintains that the Utility Deposit is not satisfactory adequate assurance of payment as contemplated by section 366(c)(2) of the Bankruptcy Code, the Utility Company must serve a request (an "Additional Adequate Assurance Request") for adequate assurance in addition to or in lieu of its rights in the Utility Deposit so that it is received by the Debtor and their undersigned counsel at the following address: (i) Thorp Reed & Armstrong, LLP, 824 N. Market Street, Suite 710, Wilmington, DE 19801, Attention: Jeffrey M. Carbino.

    (b)    Any Additional Adequate Assurance Request must; (i) be made in writing, (ii) set forth the location(s) for which Utility Services are provided and the

relevant account number(s), (iii) set forth the amount and nature of assurance of payment that the Utility Company would accept as satisfactory adequate assurance of payment, (iv) describe any deposits, prepayments or other security currently held by the requesting Utility Company, (v) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment, and (vi) set forth a fax and electronic mail address to which the Debtor may respond to the Additional Adequate Assurance Request.

(c) Upon the Debtor's receipt of an Additional Adequate Assurance Request, the Debtor shall have 20 days (the "Resolution Period") to negotiate with the requesting Utility Company to resolve its Additional Adequate Assurance Request. The Debtor and the applicable Utility Company also may agree to extend the Resolution Period.

(d) The Debtor, in its discretion, may resolve any Additional Adequate Assurance Request by mutual agreement with the requesting Utility Company, the terms of which agreement being satisfactory to that Utility Company, and without further order of this Court, and may, in connection with any such resolution, in their discretion provide the requesting Utility Company with additional assurance of future payment including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtor believes such additional assurance is reasonable.

(e) If the Debtor determines that an Additional Adequate Assurance Request is not reasonable, and is not able to resolve such request during the Resolution Period, the Debtor, during or promptly after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "Determination Hearing"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

(f) Pending the resolution of an Additional Adequate Assurance Request at a Determination Hearing, the Utility Company making such request shall be prohibited from discontinuing, altering or refusing to provide Utility Services to the Debtor.

13. The Debtor further requests that any Utility Company that does not serve the Debtor with an Additional Adequate Assurance Request shall be deemed to have received adequate assurance of payment that is satisfactory to such Utility Company within the meaning of section 366(c)(2) of the Bankruptcy Code.

14. To the extent that the Debtor subsequently identifies additional providers of Utility Services, the Debtor seeks authority, in its sole discretion, to amend Exhibit A attached hereto to add any Utility Company. The Debtor proposes to have the terms of the proposed Order attached hereto apply to any such subsequently identified Utility Company. Moreover, for those Utility Companies that are subsequently added to Exhibit A, the Debtor will serve a copy of this Motion and the Order entered with respect to the Motion on such Utility Company, along with an amended Exhibit A. Such subsequently added entities would then have ten (10) days from service of this Motion and the related Order to make an Additional Adequate Assurance Request.

15. All Utility Companies, including subsequently added Utility Companies, should be prohibited from altering, refusing or discontinuing Utility Services to the Debtor absent further order of this Court, in accordance with section 366(a) of the Bankruptcy Code.

16. The Debtor maintains that the relief requested herein strikes a fair balance between the rights of Utility Companies and the rights of the Debtor under the Bankruptcy Code and the need for the Debtor to continue to receive the Utility Services upon which its business depends. The Debtor does not believe that the Utility Companies will be prejudiced by the relief sought hereby.

### **Basis for Relief**

17. Section 366(a) of the Bankruptcy Code provides:

> Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

11 U.S.C. § 366(a). Section 366(c) of the Bankruptcy Code goes on to provide, however, that:

>  a utility referred to in subsection (a) may alter, refuse, or discontinue service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.

11 U.S.C. § 366(c)(2).

18. The policy underlying section 366 of the Bankruptcy Code is to protect debtors from the interruption or termination of utility service upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate assurance that the debtor will pay for postpetition services. See H.R. Rep. No. 95-595, at 350 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6306. As set forth herein, this policy is furthered by the relief requested through this Motion.

19. Specifically, under section 366(c)(2) of the Bankruptcy Code, a chapter 11 debtor must furnish what it considers to be adequate assurance of payment within thirty (30) days after the entry of the order for relief in the form of a deposit or other security for postpetition service. Here, the Debtor will provide all Utility Companies with a Utility Deposit, which the Debtor believes provides the Utility Companies with adequate assurance of payment. See 11 U.S.C. § 366(c)(1)(A) (defining "assurance of payment to include a cash deposit, a letter of credit, or "another form of security that is mutually agreed on between the utility and the debtor").

20. The Debtor maintains that the Utility Deposit is the equivalent of a cash deposit or letter of credit. Accordingly, the establishment of the Utility Deposit constitutes adequate assurance of payment in accordance with the requirements of section 366 of the Bankruptcy Code.

21. Conceivably, under section 366(c)(2) of the Bankruptcy Code, the Debtor could receive a demand from a Utility Company at the end of the 30-day period referenced therein and be compelled to accede to the demand immediately or face termination of critical Utility

Services. Therefore, as set forth above, in order to avoid such a drastic result, the Debtor proposes the Additional Adequate Assurance Procedures described above, which require (i) Utility Companies to provide notice of any Additional Adequate Assurance Request on or before the Request Deadline, and (ii) that the Utility Company making such request shall be restrained from discontinuing, altering or refusing to provide Utility Services to the Debtor pending resolution of the Additional Adequate Assurance Request, either consensually or at a Determination Hearing.

22. To the extent any Utility Companies believe that the Utility Deposit is not sufficient, the Additional Adequate Assurance Procedures provide an orderly process to determine whether any additional assurance is required. Without the Additional Adequate Assurance Procedures, the Debtor could be forced to address numerous requests by Utility Companies in an unorganized manner at a critical period in their efforts to reorganize. The orderly process contemplated by the Additional Adequate Assurance Procedures, therefore, is necessary for a smooth transition by the Debtor into chapter 11. Moreover, the Additional Adequate Assurance Procedures will ensure that all parties act in good faith by establishing a fair process. This will protect the Debtor and its stakeholders from an attempt by a Utility Company to delay a request until the last minute in an attempt to force the Debtor to agree to its request or face cessation of essential services.

23. Similar relief to the relief requested herein has been granted by other court in this district. See, e.g., In re East West Resort Development V. L.P., L.L.L.P., Case No. 10-10452 (Bankr. D, Del. Feb. 18, 2010) (Shannon, J.); In re TLC Vision (USA) Corp. et al., Case No. 09-14473 (Bankr. D, Del. Dec. 22, 2009) (Gross, J.); In re Buffets Holdings. Inc., Case No. 08-10141 (Bankr. D. Del. Jan. 23, 2008) (Walrath, J.); In re Radnor Holdings Corp., Case No. 06-

10894 (Bankr. D. Del. Aug. 23, 2006) (Walsh, J.); In re Werner Holding Co. (DE), Inc., Case No., 06-10578 (Bankr. D. Del. June 21, 2006) (Carey, C.J.); In re LoveSac Corp., Case No. 06-10080 (Bankr., D. Del., Feb. 27, 2006) (Sontchi, J.).

## Notice

24. Notice of this Motion shall be provided to (i) the U.S. Trustee, (ii) counsel to the Prepetition Lenders, (iii) the Debtor's 20 largest unsecured creditors, (iv) counsel to Ocimum Biosolutions (India), Ltd., (v) The U.S. Attorneys Office for the District of Delaware, (vi) the Securities and Exchange Commission, (vii) the Internal Revenue Service and (viii) all other parties requesting notice in these proceedings pursuant to Bankruptcy Rule 2002.

## No Prior Request

25. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter an interim and final order, substantially in the forms annexed hereto as Exhibit B and Exhibit C, respectively, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: November 8, 2011
      Wilmington, Delaware

*/s/ Jeffrey M. Carbino*
Jeffrey M. Carbino (No. 4062)
THORP REED & ARMSTRONG, LLP
824 N. Market Street, Suite 710
Wilmington, Delaware 19801
Telephone: (302) 250-4750
Facsimile: (302) 421-9439

PROPOSED ATTORNEYS FOR THE DEBTOR
AND DEBTOR IN POSSESSION