# EXHIBIT B

**(Proposed Interim Order)**

{D0000006}

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| OCIMUM BIOSOLUTIONS, INC.[1] | ) Case No. 11-13310 (BLS) |
| | ) |
| Debtor. | ) |
| | ) Re Docket No. _____ |
| | ) |

## INTERIM ORDER PURSUANT TO SECTIONS 105(a) AND 366 (I) OF THE BANKRUPTCY CODE (I) APPROVING THE DEBTOR'S PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT, (II) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE BY UTILITY COMPANIES, AND (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING UTILITY SERVICES

Upon the motion (the "Motion")[2] of Ocimum Biosolutions, Inc. and its debtor affiliates, as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case") for entry of an interim and final order, pursuant to sections 105(a) and 366 of the Bankruptcy Code, (i) approving Debtor's proposed form of adequate assurance of postpetition payment of the Utility Companies, (ii) establishing procedures for resolving any requests for additional adequate assurance of payment by utility companies, and (iii) prohibiting utility companies from altering, refusing, or discontinuing utility services; the Court having jurisdiction to consider the Motion and the relief requested therein; venue being proper; consideration of the Motion and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; an interim hearing having been

---

[1] The last four digits of the Debtor's federal tax identification number are 7707.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

{D0000006}

held to consider the relief requested in the Motion (the "Hearing"); upon the record of the Hearing and the information set forth in the Acharya Declaration; the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted on an interim basis as provided herein; and it is further

ORDERED that subject to the procedures described below or further order of this Court, no Utility Company shall (a) discontinue, alter or refuse service to, or discriminate against, the Debtor on the basis of the commencement of the Chapter 11 Case or as a result of any unpaid prepetition charges, or (b) require assurance of payment other than the Utility Deposit (defined below), as a condition to the Debtor receiving such utility services; and it is further

ORDERED that the Debtor shall deposit the sum equal to the Debtor's average cost of Utility Services for a two-week period, into an interest-bearing, newly created segregated account (the "Utility Deposit"), in accordance with the Additional Adequate Assurance Procedures no later than November 19, 2011; and it is further

ORDERED that the Debtor shall pay a sum equal to the Debtor's average monthly cost of service to each Utility Company upon entry of this Order; and it is further

ORDERED that, subject to further order of this Court, the following Additional Adequate Assurance Procedures are approved in all respects:

  (a) In the event that a Utility Company maintains that the Utility Deposit is not satisfactory adequate assurance of payment as contemplated by

section 366(c)(2) of the Bankruptcy Code, the Utility Company must serve a request (an "Additional Adequate Assurance Request") for adequate assurance in addition to or in lieu of its rights in the Utility Deposit so that it is received by the Debtor and their undersigned counsel at the following address: (i) Thorp Reed & Armstrong, LLP, 824 N. Market Street, Suite 710, Wilmington, DE 19801, Attention: Jeffrey M. Carbino.

(b) Any Additional Adequate Assurance Request must; (i) be made in writing, (ii) set forth the location(s) for which Utility Services are provided and the relevant account number(s), (iii) set forth the amount and nature of assurance of payment that the Utility Company would accept as satisfactory adequate assurance of payment, (iv) describe any deposits, prepayments or other security currently held by the requesting Utility Company, (v) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment, and (vi) set forth a fax and electronic mail address to which the Debtor may respond to the Additional Adequate Assurance Request.

(c) Upon the Debtor's receipt of an Additional Adequate Assurance Request, the Debtor shall have 20 days (the "Resolution Period") to negotiate with the requesting Utility Company to resolve its Additional Adequate Assurance Request. The Debtor and the applicable Utility Company also may agree to extend the Resolution Period.

(d) The Debtor, in its discretion, may resolve any Additional Adequate Assurance Request by mutual agreement with the requesting Utility Company, the terms of which agreement being satisfactory to that Utility Company, and without further order of this Court, and may, in connection with any such resolution, in their discretion provide the requesting Utility Company with additional assurance of future payment including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtor believes such additional assurance is reasonable.

(e) If the Debtor determines that an Additional Adequate Assurance Request is not reasonable, and is not able to resolve such request during the Resolution Period, the Debtor, during or promptly after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "Determination Hearing"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

(f) Pending the resolution of an Additional Adequate Assurance Request at a Determination Hearing, the Utility Company making such request

shall be prohibited from discontinuing, altering or refusing to provide Utility Services to the Debtor.

and it is further;

ORDERED that, subject to further order of this Court, any Utility Company that fails to serve the Debtor with an Additional Adequate Assurance Request is deemed to have adequate assurance that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code; and it is further

ORDERED that, subject to further order of this Court, the Utility Deposit satisfies the "adequate assurance of payment" requirements under section 366 of the Bankruptcy Code; and it is further

ORDERED that the Debtor is authorized to supplement, as necessary, the list of Utility Companies attached hereto as Exhibit A and that this Order shall apply to any such Utility Company that is subsequently added to Exhibit A, and shall be binding on all Utility Companies, regardless of when such Utility Companies are added Exhibit A; and it is further

ORDERED that if the Debtor supplements Exhibit A, it shall serve a copy of this Order, with the revised Exhibit A, on each new Utility Company and such party will have twenty (20) days from the date of service to submit an Additional Adequate Assurance Request, in accordance with the Additional Adequate Assurance Procedures, and if such a Utility Company fails to timely submit an Additional Adequate Assurance Request that party shall be deemed to have adequate assurance that is satisfactory to it within the meaning of section 366 of the Bankruptcy Code; and it is further

ORDERED that, notwithstanding anything to the contrary contained herein, (a) any payment made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtor under any order approving the use of cash collateral ("Cash Collateral

Order"), and (b) any claim for which payment is authorized pursuant to this Order that is treated as an administrative expense of the Debtor's estate shall be and is subject and subordinate to any and all claims, liens, security interests and priorities granted to Sun Trust Bank (as defined in the Cash Collateral Order) as adequate protection for the use of their cash collateral pursuant to, in accordance with and subject to the terms of the applicable Cash Collateral Order, and payment on any such claim shall be subject to any and all restrictions on payments in the Cash Collateral Order and any other order of the Court authorizing the Debtor's use of cash collateral; and it is further

ORDERED that the Debtor are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order; and it is further

ORDERED that nothing in the Order or the Motion shall be deemed to constitute the postpetition assumption of any agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that the Debtor shall serve a copy of this Order on the Utility Companies listed on Exhibit A by first class mail within two (2) business days of its entry, and shall serve the same on any subsequently added Utility Companies in the same fashion on or before two (2) business days after the amended Exhibit A is filed; and it is further

ORDERED that the Debtor's service of this Order upon the Utility Companies shall not constitute an admission or concession that such entities are a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights and defenses with respect thereto; and it is further

ORDERED that nothing in this Order prejudices or otherwise affects the rights of parties in interest pursuant to 11 U.S.C. §§366(c)(3) or (4); and it is further

ORDERED that objections, if any, to the relief requested in the Motion must be filed with the Clerk of the Bankruptcy Court and served upon and counsel to the Debtor on or before _____, 2011 at \_\_\_\_\_:_____.m. (EDT); and it is further

ORDERED that a final hearing, if required, on the Motion shall be held on _____, 2011, at \_\_\_\_\_:_____.m. (EDT); however, if no objections to the Motion are filed, the Court may enter a final order without further hearing; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.


Dated: _____, 2011
Wilmington, Delaware

_____
THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE