# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| OCIMUM BIOSOLUTIONS, INC.[1] | ) Case No. 11-13310 (BLS) |
| | ) |
| Debtor. | ) |
| | ) Re: Docket No. 29 |
| | ) |

## ORDER AUTHORIZING DEBTOR TO CONTINUE USING EXISTING CASH MANAGEMENT SYSTEM, BUSINESS FORMS, AND BANK ACCOUNTS

Upon the motion (the "Motion") of the above-captioned Debtor for entry of an order authorizing the Debtor to (i) continue to use its existing cash management system, (ii) maintain existing bank accounts and, (iii) continue to use its existing business forms; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§1408 and 1409; and the Debtor having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances and no other or further notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and it appearing that such relief is necessary to avoid immediate and irreparable harm meaning that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish

---

[1] The last four digits of the Debtor's federal tax identification number are 7707.

{D0000029}

just cause for the relief granted herein; and upon all of the proceedings had before the Court; after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted; and it is further ORDERED that the Debtor is authorized to continue using the Cash Management System[2] in a manner consistent with their prepetition practices as described in the Motion; and it is further

ORDERED that the Debtor is authorized to: (a) continue to use, with the same account numbers, all of the Prepetition Bank Accounts, including, without limitation, those accounts identified on Exhibit A to the Motion; (b) treat the Prepetition Bank Accounts for all purposes as accounts of the Debtor as debtor-in-possession; (c) if needed, open new debtor-in-possession accounts; provided however, that the Debtor shall give notice to the U.S. Trustee, the administrative agents for the Debtor's prepetition lenders and any statutory committees appointed in these Chapter 11 cases prior to opening or closing a bank account; (d) deposit funds into and withdraw funds from such Prepetition Bank Accounts by all usual means, including, without limitation, checks, wire or other electronic transfers, ACH payments, and other debits; (e) use, in their present form, all correspondence and business forms (including, without limitation, letterhead, preprinted checks, and promotional materials) and other documents related to the Prepetition Bank Accounts without reference to their status as debtors-in-possession forms, provided, however, that as soon as practicable the Debtor will imprint or stamp the legend "DIP" on its existing postpetition checks; provided further that upon depletion of the Debtor's check stock and/or business forms stock, the Debtor will obtain new check stock and/or business forms stock reflecting their status as debtors in possession; and it is further

---

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

ORDERED that the Debtor may allow a third party service provider check writing privileges to prepare the Debtor's payroll when and as it becomes due in the approximate aggregate amounts set forth in the Budget and to concomitantly deposit federal, local and state payroll-related taxes to the applicable taxing or other authority on behalf of the Debtor; and it is further

ORDERED that, the Debtor is authorized, but not required, to continue to use their current Credit Card System and to pay any and all claims of their credit card processors, in the ordinary course; and it is further

ORDERED that the Debtor shall maintain detailed records in the ordinary course of business reflecting transfers of cash, if any, including intercompany payments and transfers, so that transactions can be ascertained, traced, and recorded properly on all intercompany accounts; and it is further

ORDERED that except as otherwise expressly provided in this Order, the Debtor's banks are authorized to continue to treat, service, and administer the Prepetition Bank Accounts as accounts of the Debtor as debtor-in-possession, without interruption and in the ordinary course, and is authorized to receive, process, honor, and pay any and all checks, drafts, wire and other electronic transfers, and ACH payments issued and drawn on the Prepetition Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; and it is further

ORDERED that the Debtor and its banks may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures in the ordinary course of business, including, without limitation, the opening and closing of Prepetition Bank Accounts; and it is further

ORDERED, that the Debtor's banks are authorized to debit the Debtor's accounts in the ordinary course of business without the need for further order of this Court for all checks drawn on the Debtor's accounts which are cashed at the banks' counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; and it is further

ORDERED, that the Debtor's banks may rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such bank shall not have any liability to any party for relying in good faith on such representations by the Debtor as provided for herein; and it is further

ORDERED that the Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice; and it is further

ORDERED that notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED notwithstanding anything to the contrary contained herein, any payment made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtor under any order approving and allowing use of cash collateral (a "Cash Collateral Order") entered in this Chapter 11 Case, including the Budget (as defined in the Cash Collateral Order); and it is further

ORDERED that for banks at which the Debtor holds accounts that are party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, within fifteen (15) days from the date of entry of this Order the Debtor shall (a) contact each bank, (b) provide the bank with each of the Debtors' employer identification numbers, and (c) identify each of their accounts held at such banks as being held by a debtor in possession; and it is further

ORDERED that for banks that are not a party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, the Debtor shall use its good faith efforts to cause the bank to execute a Uniform Depository Agreement in a form prescribed by the Office of the United States Trustee within forty-five (45) of the entry of this Order; and it is further

ORDERED that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Nov 10, 2011
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE