# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| OCIMUM BIOSOLUTIONS, INC.[1] | Case No. 11-13310 (BLS) |
| Debtors. | Hearing Date: December 5, 2011 at 9:30 a.m.<br>Objection Deadline: November 28, 2011 at 4:00 p.m. |

## APPLICATION OF DEBTOR FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327(A) AND 328(A), FED. R. BANKR. P. 2014 AND 2016 AND DEL. BANKR. L.R. 2014-1 AND 2016-1 AUTHORIZING THE RETENTION AND EMPLOYMENT OF THORP, REED & ARMSTRONG, LLP AS COUNSEL TO THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtor and debtor in possession (the "Debtor") hereby submits this application (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtor to retain and employ Thorp, Reed & Armstrong, LLP ("TR&A") as its bankruptcy counsel *nunc pro tunc* to the Petition Date (as defined herein). In support of this Application, the Debtor relies on the *Affidavit of Jeffrey M. Carbino* (the "Carbino Affidavit"), a copy of which is attached hereto as Exhibit B, and the Declaration of Kenneth A. Sprang, a copy of which is attached hereto as Exhibit C, and respectfully state as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief sought herein are § 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code"). Such relief is also warranted pursuant to Rule

---
[1] The last four digits of the Debtor's federal tax identification number are 7707.

{D0000078}

1

2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## RELIEF REQUESTED

3. By this application and for the reasons set forth below, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtor respectfully requests entry of an order authorizing and approving the retention and employment of TR&A as the Debtor's counsel, *nunc pro tunc* to the Petition Date, under an evergreen retainer and in accordance with TR&A's customary hourly rates and reimbursement policies in effect when services are rendered.

## THE RETENTION OF TR&A

4. The Debtor has selected TR&A on the basis of its recognized experience in the field of debtors' and creditors' rights and business reorganizations and liquidations under chapter 11 of the Bankruptcy Code; its expertise, experience, and knowledge practicing before this Court; its proximity to the Court; and its ability to respond quickly to emergency hearings and other emergency matters before this Court.

5. In connection with its prepetition representation of the Debtor with respect to the preparation of commencement of this chapter 11 case, TR&A has become familiar with the Debtor's business, financial affairs, and capital structure. Accordingly, TR&A has the necessary background to deal effectively with many of the potential legal issues and problems that may arise in the context of the Debtor's chapter 11 case. The Debtor believes that TR&A is well qualified and uniquely able to represent it in this chapter 11 case in a most efficient and timely manner.

**I. Scope of Services**

6. The employment of TR&A is appropriate and necessary to enable the Debtor to faithfully execute its duties as debtor and debtor in possession and to implement this reorganization. Subject to approval of the Court, the Debtor proposes that TR&A be employed to render the following professional services update as necessary per plan of case:

    (i) prepare all necessary petitions, motions, applications, orders, reports and papers necessary to commence this chapter 11 case;

    (ii) advise the Debtor of its rights, powers and duties as debtor and debtor in possession under chapter 11 of the Bankruptcy Code;

    (iii) prepare on behalf of the Debtor all motions, applications, answers, orders, reports, and papers in connection with the Debtor's estate;

    (iv) take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on behalf of the Debtor, the defense of actions commenced against the Debtor in this chapter 11 case, the negotiation of disputes in which the Debtor is involved, and the preparations of objections to claims filed against the Debtor;

    (v) assist the Debtor with the sale of any of its assets pursuant to section 363 of the Bankruptcy Code; and

    (vi) perform all other necessary legal services in connection with this chapter 11 case.

7. As set forth in the Carbino Affidavit, TR&A has stated its desire and willingness to act in the Debtor's case and render the necessary professional services as counsel to the Debtor on the terms described herein.

**II. Professional Compensation**

8. Subject to the approval of this Court, in accordance with sections 327, 328, 330, and 331 of the Bankruptcy Code and as set forth in the Carbino Affidavit, compensation will be paid to TR&A on an hourly basis at the customary hourly rates in effect when services are rendered, plus reimbursement of actual, necessary expenses and other charges incurred by TR&A

according to its customary reimbursement policies. The Debtor respectfully submits that such rates are reasonable.

9. TR&A will apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the applicable Local Rules, the guidelines established by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and any applicable orders of this Court, including any order approving interim compensation in this case.

10. As set forth in the Carbino Affidavit, TR&A has not shared or agreed to share any of its compensation from the Debtor with any other persons, other than employees of TR&A, as permitted by section 504 of the Bankruptcy Code.

11. As set forth in the Carbino Affidavit, the Debtor does not owe TR&A any amount for services rendered or expenses incurred prior to the Petition Date, and thus TR&A is not a prepetition creditor of the Debtor.

### III. Evergreen Retainer

12. As set forth in the Carbino Affidavit, TR&A received an initial retainer in the amount of $10,000 on October 14, 2011 from the Debtor as compensation for professional services rendered and reimbursement for expenses incurred in connection with the commencement of this chapter 11 case. This retainer was exhausted prior to the Petition Date. The Debtor had $16,500 in its account at SunTrust Bank on the Petition Date, but did not have access to the account.

13. On October 15, 2011, the Debtor and Ocimum Biosolutions (India) Ltd. (its "Parent") negotiated an arms-length agreement pursuant to which the Parent agreed to wire a total of $140,000.00 to TR&A's Delaware IOLTA account (the "Agreement"). The Parent was represented by its own counsel, Kenneth A. Sprang. In addition to its agreement to wire the

{D0000078}

4

$140,000, the Parent agreed to (a) waive any claim it then had or may, in the future, have against the Debtor or its estate (other than its equity interest) and (b) provide additional funding up to the full amount of TR&A's fees and any expenses to the extent that the Debtor was unable to obtain cash collateral and/or DIP financing to fund the Debtor's chapter 11 case. The Parent did not have sufficient funds available as of the Petition Date to fully fund the agreed-upon retainer.

14. On or before the Petition Date, the Parent wired a payment in the amount of $30,000 to TR&A's Delaware IOLTA account. On November 5, 2011, the Parent wired an additional $60,000.00 to TR&A's Delaware IOLTA account. The Parent agreed to wire an additional $50,000.00 to TR&A's Delaware IOLTA account on or before November 15, 2011 (collectively, the "Retainer").

15. In this district, evergreen retainer agreements reflect normal business terms in the marketplace. *See In re Insilco Tech., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("[T]he practice of receiving security retainers in this district has been engaged in since at least the early 1990's."). Moreover, TR&A, the Debtor, the Parent and its counsel are sophisticated business entities that have negotiated the Retainer at arm's length. The Retainer secures TR&A's fees and expenses for work performed in connection with the Debtor's chapter 11 case. Thus, under the standards articulated in the *Insilco* decision, the facts and circumstances of this case supports the approval of the retainer requested herein.

16. Given the extensive nature of the services that TR&A will provide to the Debtor, the retention of TR&A under an evergreen retainer is appropriate and necessary to enable the Debtor to faithfully execute its duties as debtor and debtor in possession and to implement the reorganization of the Debtor.

## IV. No Duplication of Services

17. The Debtor intends and believes that the services of TR&A will complement and not duplicate the services rendered by any other professional retained in this chapter 11 case. By this application, the Debtor seeks Court approval to employ and retain TR&A as its counsel in connection with the filing and prosecution of this chapter 11 case. The granting of this application will reduce the overall expense of administering this chapter 11 case.

## V. TR&A's Disinterestedness

18. To the best of the Debtor's knowledge, information, and belief, other than as set forth in the Carbino Affidavit, neither TR&A nor any TR&A professional working on or connected to TR&A's engagement on the Debtor's behalf has any connection with the Debtor, its creditors, or any other party in interest in the Debtor's case, or their respective attorneys or accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

19. To the best of the Debtor's knowledge, information, and belief, other than as set forth in the Carbino Affidavit, TR&A does not hold or represent any interest adverse to the Debtor or its estate. TR&A is not a creditor of the Debtor. The Debtor believes that TR&A is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that the employment of TR&A is necessary and in the best interests of the Debtor, its estate and creditors, and all other parties in interest.

20. TR&A will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. Pursuant to Del. Bankr. L.R. 2014-1, to the extent that TR&A learns of any additional material information relating to its employment (such as potential or actual conflicts of interest), TR&A will file and serve a supplemental affidavit with the Court setting forth the additional information.

## NOTICE

21. No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case. Notice of this Motion has been provided to: (i) the U.S. Trustee, (ii) counsel to the Prepetition Lenders, (iii) the Debtor's 20 largest unsecured creditors, (iv) counsel to Ocimum Biosolutions (India), Ltd., (v) The Office of the United States Attorney for the District of Delaware, (vi) the Securities and Exchange Commission, (vii) the Internal Revenue Service and (viii) all other parties requesting notice in these proceedings pursuant to Bankruptcy Rule 2002.

## NO PRIOR APPLICATION

22. No prior application for the relief requested herein has been made by the Debtor to this or any other court.

WHEREFORE, the Debtor respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: 15th November 2011
      Wilmington, Delaware

Respectfully submitted,

Ocimum Biosolutions, Inc.

By: _____
Pavan Kumar Sajja
Sr Accounting Manager