**EXHIBIT 2**

# EXHIBIT A

## ORDER ~~(A)~~ APPROVING BIDDING PROCEDURES

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OCIMUM BIOSOLUTIONS, INC.[1] | ) | Case No. 11-13310(BLS) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**ORDER (I)(A) APPROVING BID PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL THE DEBTORS' ASSETS, (B) SCHEDULING THE AUCTION, (C) SCHEDULING THE SALE HEARING, (D) APPROVING THE** ~~ASSUMPTION AND ASSIGNMENT PROCEDURES RELATED TO THE SALE AND (E) APPROVING THE~~ **FORM OF THE SALE NOTICE; AND (II) (A) AUTHORIZING AND APPROVING THE ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO AND (C) GRANTING RELATED RELIEF**

Upon the Debtor's Motion For Orders (I)(A) Approving Bid Procedures For The Sale Of Substantially All The Debtor's Assets, (B) Scheduling The Auction, (C) Scheduling The Sale Hearing, (D) Approving The ~~Assumption And Assignment Procedures Related To The Sale, And (E) Approving The~~ Form Of ~~The~~ Sale Notice~~;~~; And (II) (A) ~~Authorizing~~ And approving The Sale Of ~~Such~~All Assets Free And Clear Of All Liens~~,~~ Claims~~,~~ And Encumbrances~~,~~ And Other Interests; (B) ~~Authorizing And Approving Form Purchase Agreement; (C) Approving~~ The Assumption And Assignment Of Certain Executory Contracts ~~And~~ and Unexpired Leases Related Thereto~~;~~ And (~~D~~C) Granting Related Relief [Docket No. 54] (the "Motion")[2]; notice of the Motion being proper and sufficient and all interested parties having been afforded an opportunity to be heard with respect to the Motion; and upon review and consideration of (i) the Motion, (ii) objections thereto, if any, (iii) arguments of counsel and evidence proffered or adduced at the hearing on the Motion, if any (the "Hearing"); and (iv) the docket and proceedings

---
[1] The last four digits of the Debtor's federal tax identification number are: 7707
[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

in the above-captioned cases (the "Chapter 11 Cases"); and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, its estate, creditors, and other parties in interest:

**THE COURT FINDS THAT:**[3]

A. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these this Chapter 11 Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion are Bankruptcy Code §§ 105, 363, 364, 365, 503 and 506, and Bankruptcy Rules 2002, 6004, 6006, 9007 and 9014. Consummation of the transactions contemplated by this Order and Motion (the "Proposed Sale") is legal, valid and properly authorized under the foregoing statutory predicates and all applicable requirements of such provisions have been complied with in respect of the Proposed Sale.

C. Notice of the Motion and Hearing having been given to the following parties is sufficient in light of the circumstances and the nature of the relief requested in the Motion: (i) the United States Trustee; (ii) counsel to Sun Trust Bank; (iii) counsel to Kubera Cross-Border Fund, L.P. (iv) all parties known or reasonably believed to have asserted an Encumbrance on any of the Acquired Assets; (v) the counterparties to each of the Assigned Contracts; (vi) all persons or entities known or reasonably believed to have expressed an interest in acquiring the Acquired Assets; (vii) all the Maryland taxing authorities having jurisdiction over any of the Acquired Assets and/or Interests; (viii) the Attorneys General in off the State of Maryland where

---

[3] All findings of fact and conclusions of law announced by the Court at the hearing in relation to the Motion are incorporated herein to the extent not inconsistent herewith.

the Acquired Assets are located; (ix) the Debtor's 20 largest unsecured creditors and (xi) all parties that have requested personal notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties").

D. The Sale Notice <u>attached to this Order as Exhibit 3</u> is reasonably calculated to provide all interested parties with timely and proper notice of the Proposed Sale, Sale Hearing and Auction.

E. ~~The notice~~ <u>Notice provided</u> to counterparties of Assigned Contracts ~~provided~~ <u>attached as Exhibit ___ to this Order as set forth</u> in accordance with the Assumption & Assignment Procedures is reasonably calculated to provide all counterparties to the Assigned Contracts with proper notice of the potential assumption and assignment of their executory contract or unexpired lease and any Cure Amounts associated therewith.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED EFFECTIVE IMMEDIATELY THAT:**

1. The Motion<u>, as modified herein,</u> is approved.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced to the Court at the Hearing or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

3. The Bid Procedures, substantially in the form attached hereto as Exhibit 1, are approved and the ~~Debtors are~~<u>Debtor is</u> authorized to take any and all actions necessary and/or appropriate to implement the Bid Procedures.

4. As provided in the Bid Procedures, if and only if a Qualifying Bid is timely received, the Debtor shall conduct an Auction at the offices of Thorp Reed & Armstrong, LLP, 824 N. Market Street, Suite 710, Wilmington, Delaware 19801 on January 6, 2012 at 10:00 a.m., prevailing Eastern Time.

5. The Assumption & Assignment Procedures, substantially in the form attached hereto as Exhibit 2, are approved and the Debtor is authorized to take any and all actions necessary and/or appropriate to implement the ~~Bid~~<u>Assumption and Assignment</u> Procedures.

6. The Sale Notice, substantially in the form attached hereto as Exhibit 3, is approved and shall be served upon Notice Parties within ~~one (1~~three (3) business days after entry of this Order.

7. At least twenty (20) days prior to the Auction, the ~~Debtors shall~~Debtor may publish notice of the Sale, the time and place of the proposed Auction, and time and place of the Hearing in ~~The Wall Street Journal and~~ such ~~other publications~~publication(s) as the Debtor, in consultation with Burrill LLC and SunTrust Bank, determines will actually provide a benefit and promote the marketing and sale of the Acquired Assets.

8. Each Qualifying Bidder participating at the Auction shall confirm that it has not engaged in collusion with respect to the bidding or the sale.

9. All creditors will be permitted to attend the Auction, which shall be videotaped or transcribed and be conducted openly.

10. The Sale Hearing shall be conducted on January ▒, 2012 at ▒ a.m./p.m., prevailing Eastern Time. The ~~Debtors~~ Debtor shall seek entry of an order at the Sale Hearing approving and authorizing the Proposed Sale to the Purchaser or the highest and best offer at the Auction, as applicable, on terms and conditions substantially consistent with the Acquisition Agreement, as amended or modified. The Sale Hearing may be adjourned or rescheduled without notice other than by announcement of the adjourned date at the Sale Hearing.

11. Objections to the relief requested in the Sale Motion must be: (i) in writing and filed on the docket in the Chapter 11 Case; (ii) comply with the Bankruptcy Rules and Local Bankruptcy Rules; and (iii) be served upon the Debtor and Notice Parties ~~such~~so as to be received on or before 4:00 p.m., prevailing eastern time, on January ▒, 2012~~, prevailing Eastern~~

~~Time.~~

12. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable.

14. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in this Chapter 11 Case, the terms of this Order shall govern.

16. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtor under any approved debtor-in-possession financing facility, any budget in connection therewith and any order regarding the use of cash collateral.

17. This Court shall retain jurisdiction to resolve any dispute relating to the interpretation of the terms and conditions of the Acquisition Agreement and this Order. To the extent any provisions of this Order shall be inconsistent with the Motion, the terms of this Order shall control.

DATE: _____, 2011

_____
BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

# BID PROCEDURES

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OCIMUM BIOSOLUTIONS, INC., *et al*[1]. | ) | Case No. 11-13310 (BLS) |
| | ) | |
| | ) | |
| Debtor. | ) | |

Set forth below are the bidding procedures (the "Bid Procedures") to be employed with respect to the Proposed Sale of the Acquired Assets contemplated by the Acquisition Agreement attached as Exhibit C to ~~The~~ the Debtor's Motion For Orders (I)(A) Approving Bid Procedures For The Sale Of Substantially All The Debtor's ~~assets~~Assets, (B) Scheduling The Auction, (C) Scheduling The Sale Hearing, (D) Approving The ~~Assumption And Assignment Procedures Related To The Sale And (E) Approving The~~ Form Of ~~The~~ Sale Notice; And (II) (A) ~~Authorizing~~ And approving The Sale Of ~~Such~~All Assets Free And Clear Of All Liens, Claims, And Encumbrances, And Other Interests; (B) ~~Authorizing And Approving Purchase Agreement; (C) Approving~~ The Assumption And Assignment Of Certain Executory Contracts ~~And~~ and Unexpired Leases Related Thereto; And (~~D~~C) Granting Related Relief [Docket No. 54] (the "Motion").[2] The Debtor has moved for, and will seek, entry of an order by the Bankruptcy Court authorizing and approving the proposed Sale to a Qualifying Bidder (as defined below), which the Debtor determines to have made the highest or otherwise best offer for the Acquired Assets.

---

[1] The last four digits of the Debtor's federal tax identification number are: 7707.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

# BID PROCEDURES

## I. THE BIDDING PROCESS

Set forth below is the general process to be employed by the ~~Seller~~Debtor with respect to the proposed Sale of the Acquired Assets:

A. Any person interested in making an offer to purchase the Acquired Assets shall comply with these procedures.

B. Only Qualifying Bids (as defined below) shall be considered by the Debtor.

C. The Debtor, after consultation with SunTrust Bank, shall select a Qualifying Bid as the Successful Bid after the Debtor has conducted an Auction (as defined below) and considered, among other things, the total consideration to be received by its estate as well as other financial and contractual terms relevant to the proposed Sale, including those factors affecting speed and certainty of consummating the proposed Sale.

D. Upon failure to consummate the proposed Sale because of a breach on the part of the Successful Bidder after an order entered at the Sale Hearing, the Debtor shall be permitted to select the next highest or otherwise best bid to be the Successful Bid and to consummate such transaction without further order of the Bankruptcy Court.

E. If the Successful Bidder fails to consummate the Sale, and such failure is the result of a breach by the Successful Bidder, such Successful ~~Bidder's~~Bidder's Good Faith Deposit shall be forfeited to the ~~Sellers~~Debtor and, except to the extent provided in such ~~bidders'~~bidder's marked agreement, the ~~Sellers~~Debtor specifically ~~reserve~~reserves the right to seek all available damages from such person.

F. The Good Faith Deposits of all Qualified Bidders shall be retained by the ~~Seller~~Debtor and held in escrow in an interest bearing account and all Qualified Bids will remain open, notwithstanding Bankruptcy Court approval of a sale pursuant to the terms of a Successful Bid by a Qualified Bidder, until the earlier of (X) the closing of the sale of the Acquired Assets, and (Y) the date that is 90 days after submission of the Qualified Bid to the ~~Sellers~~Debtor (or such later date specified in the Qualified Bid) (the "Return Date"). On the Return Date, the ~~Seller~~Debtor shall return the Good Faith Deposits of all Qualified Bidders, except the Successful Bidder, with the accrued interest.

## II. PARTICIPATION REQUIREMENTS

A. Unless otherwise ordered by the Bankruptcy Court for cause shown, to participate in the sale process, each person (a "Potential Bidder") shall deliver to the Debtor:

1. an executed confidentiality agreement in form and substance satisfactory to the Debtor; and

2. current audited financial statements or other financial information of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of acquiring the Acquired Assets, current audited financial statements or other financial information of the equity holder(s) of the Potential Bidder, or such other form of financial disclosure acceptable to the Debtor, demonstrating such Potential Bidder's ability to close the proposed transaction and to provide adequate assurance of future performance to counterparties to any executory contracts and unexpired leases to be assumed and assigned.

B. A "Qualifying Bidder" is ~~(i)~~ a Potential Bidder that delivers the documents described in subparagraphs A.1 and A.2 above and that the Debtor determines, after consultation with SunTrust Bank, is reasonably likely (based on the availability of financing, experience and other considerations) to submit a bona fide offer and to be able to consummate the proposed Sale if selected as the Successful Bidder. Two or more Potential Bidders may be deemed a Qualifying Bidder if such Potential Bidders, considered in the aggregate, otherwise meet the foregoing criteria.

C. The Debtor, after consultation with SunTrust Bank, shall determine whether a Potential Bidder is a Qualifying Bidder and shall provide written notice of ~~their~~its determination to such Potential Bidder and to each then existing Qualifying Bidder.

## DUE DILIGENCE

The Debtor shall afford each Potential Bidder due diligence access to the Acquired Assets. The ~~Seller~~Debtor shall not be obligated to furnish any due diligence information after the Bid Deadline (as defined below).

## ~~I.~~III. BID DEADLINE AND REQUIREMENTS

A. A "Qualifying Bid" is (i) the Qualifying Bidder's offer to acquire the Acquired Assets if such offer was received prior to the Bid Deadline and included each of the following (collectively, a "Bid Package"):

1. A fully executed asset purchase agreement offering to purchase the Acquired Assets that is not subject to any due diligence contingency and is irrevocable until two business days after the earlier of (a) the closing of the sale of the applicable Acquired Assets, whether or not the sale is to such Qualified Bidder or (b) 45 days after the Sale Hearing.

2. Written evidence of available cash, a commitment for financing or ability to obtain a satisfactory commitment if selected as the Successful

{P0133107}  {P0133242}  4

Bidder (as defined in the Bidding Procedures), and such other evidence of ability to consummate the transaction as the Debtor may reasonably request;

3. A copy of a board resolution or similar document demonstrating the authority of the Qualifying Bidder to make a binding and irrevocable bid on the terms proposed

4. Any pertinent factual information regarding the Qualifying Bidder's operations that would assist the Debtor in its analysis of any regulatory or other issues that may effect or delay consummation of a transaction with the Qualifying Bidder;

5. To the extent the Qualifying Bidder proposes to include non-cash instruments or similar consideration in their bid, the form of notes or other type of instrument and any other information that is necessary or requested in order for the Debtor to evaluate the value of such non-cash consideration; and

6. To the extent that the Qualifying Bidder proposes to condition their bid upon the assumption and assignment of executory contracts or unexpired leases, a schedule showing such contracts or leases to be assumed and assigned together with evidence of the Qualifying Bidder's ability to provide adequate assurance of future performance of such contracts, such as audited financial statements of the Qualifying Bidder, information regarding the capitalization of the Qualifying Bidder or information allowing the Debtor to evaluate the value of any guaranties being provided by affiliates of a Qualifying Bidder of their obligations under any assumed and assigned executory contracts or leases (an "Adequate Assurance Package").

7. A good faith cash deposit (the "Good Faith Deposit") in the form of a bank or certified check (or other form acceptable to the Debtor in its sole discretion) payable to such party as the Debtor may determine, which Good Faith Deposit shall be held in escrow, in an amount equal to at least 5% of the Cash Purchase Price.

B. SunTrust Bank reserves the right to credit bid under Section 363(k) of the Bankruptcy Code, ~~and is deemed to be a Qualifying Bidder; provided, however, that a credit bid by the holder of a lien on certain Acquired Assets shall not be a Qualifying Bid unless such bid also includes provisions for the purchase of the remainder of the Acquired Assets~~. Kubera <u>Cross-Border Fund LP</u> also reserves the right to credit bid under Section 363(k) of the Bankruptcy Code<u>; provided, however, that (a) Kubera's right to credit bid under Section 363(k) of the Bankruptcy Code</u> ~~subject to the foregoing proviso, and is deemed to be a Qualifying Bidder so long as Kubera agrees, and has agreed~~<u>is conditioned upon its agreement,</u> in writing, to pay SunTrust Bank all of the indebtedness due

SunTrust Bank under the notes and written agreements evidencing the Superior Indebtedness (as that term is defined in the Subordination Agreement dated December 6, 2010, by and between the Kubera Cross-Border Fund and SunTrust Bank).) and (b) if the assets comprising the Acquired Assets include assets not subject to its Junior Lien, Kubera's bid shall also provide for the purchase of the remainder of the Acquired Assets not subject to the Junior Lien.

C. In order to be considered, Bid Packages must be received on or before 4:00 p.m., prevailing eastern time, on ~~December~~January 4, 2012 (the "Bid Deadline") and, except as may be instructed otherwise with respect to the Good Faith Deposit, should be delivered to:

> Stephen Hurly
> Burrill LLC
> One Embaradero Center
> San Francisco, CA 94111
> Telephone: 415-591-5400
> Cell: 415-200-6174
> Facsimile: 415-591-5401

and

> Jeffrey M. Carbino
> Thorp Reed & Armstrong LLP
> 824 Market ~~street, suite~~Street, Suite 710
> Wilmington, DE 19801
> Telephone: (302) 250-4750
> Cell: (610) 639-3695
> Facsimile: (302) 421-9439

D. The Debtor, upon receipt of each Bid Package, shall promptly distribute a copy of such Bid Package to counsel for Kubera, the Landlord and SunTrust Bank.

E. After the Bid Deadline, the Debtor, after consultation with SunTrust Bank, shall determine which Qualifying Bid represents the then highest or otherwise best value to the ~~Debtors~~ Debtor (the "Initial Bid"). At least 24 hours prior to the Auction, the Debtor shall distribute copies of the Initial Bid to each Qualifying Bidder.

V. **AUCTION**

The Debtor will conduct an Auction. The Auction shall take place at the offices of Thorp

Reed & Armstrong, LLP, 824 North Market Street, Suite 710, Wilmington, Delaware 19801 on **January 6, 2012, commencing at 10:00 a.m. prevailing Eastern Time.** Subject to the "Reservation of Rights" set forth below, the Auction shall be governed by the following procedures:

- A. Only a Qualifying Bidder who has submitted a Qualifying Bid shall be eligible to participate at the Auction. For the avoidance of doubt, SunTrust Bank and Kubera Cross-Border Fund L.P. are deemed to be Qualified Bidders and are eligible to attend and participate in the auction.

- B. Each Qualifying Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the proposed Sale.

- C. The Auction shall begin with the Initial Bid (which, as a Qualifying Bid, will provide for at least the Minimum Cash Amount) and proceed in minimum additional increments of $25,000.

- D. Each bid at the auction must meet each of the criteria of a Qualifying Bid, other than the requirement that it be received prior to the Bid Deadline.

- E. All bids shall be placed on the record and each bidder shall be informed of the terms of the previous bid.

- F. The Auction shall continue until there is only one offer that the Debtor, after consultation with SunTrust Bank, determines is the Successful Bid. In determining which Qualifying Bid to select as the Successful Bid, the Debtor may consider, among other things, (i) the amount of the purchase price, (ii) the form of consideration being offered, (iii) the likelihood of the Qualifying Bidder's ability to close a transaction and the timing thereof and (iv) the net benefit to the Debtor's estates and its creditors. The Debtor shall present the Successful Bid to the Bankruptcy Court for approval at the Sale Hearing. SunTrust Bank reserves and Kubera reserve the right to object to the Successful Bid and sale.

- G. The Debtor, in its reasonable discretion and after consultation with SunTrust Bank, may adopt rules for the Auction at or prior to the Auction that, in its reasonable discretion, will better promote the goals of the Auction and that are not inconsistent with any of the provisions of the Bidding Procedures Order.

- H. The Debtor, in its reasonable discretion and after consultation with SunTrust Bank, may adjourn without further notice the Auction (and Sale Hearing) if in its reasonable discretion, an adjournment will better promote the goals of the Auction.

## VI. SALE HEARING

The Sale Hearing shall take place in the courtroom of the Honorable Brendan L. Shannon in the United States Bankruptcy Court for the District of Delaware, 824 N. Market

Street, Courtroom 1, 6th Floor, Wilmington, Delaware 19801 on ▓▓▓▓▓▓▓ at ▓▓▓▓▓▓ prevailing Eastern Time. With the consent of the Successful Bidder, the Sale Hearing may be adjourned or rescheduled without notice by an announcement of the adjourned date at the Sale Hearing or otherwise. At such Sale Hearing, the Debtor shall present the Successful Bid to the Bankruptcy Court for approval.

## VII. RESERVATION OF RIGHTS

A. The Debtor, after consultation with SunTrust Bank, may modify these Bid Procedures or impose, at or prior to the Auction, additional customary terms and conditions on the proposed Sale of the Acquired Assets if in its reasonable judgment such modifications would be in the best interest of the Debtor's estates and promote an open and fair sale process.

B. The Auction and Bid Procedures are solely for the benefit of the Debtor, and nothing contained therein shall create any rights in any other person or bidder including, without limitation, as third party beneficiaries or otherwise.

C. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of the Bidding Procedures Order.